**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

CEDRIC GREENE,

        Plaintiff,

vs.

HOUSING AUTHORITY OF THE CITY OF LOS ANGELES,

        Defendant.

Case No. 2:16–cv–490–APG–VCF

**ORDER AND REPORT & RECOMMENDATION**

APPLICATION TO PROCEED *IN FORMA PAUPERIS* (DOC. #1) AND COMPLAINT (DOC. #1-2)

    Before the court are Plaintiff Cedric Greene's application to proceed *in forma pauperis* (Doc. #1) and complaint (Doc. #1-2).  For the reasons stated below, Greene's *in forma pauperis* application is granted and he may proceed with this action.  It is recommended that Greene's complaint be dismissed with leave to amend.

**I. Discussion**

    Greene's filings present two questions: (1) whether Greene may proceed *in forma pauperis* under 28 U.S.C. § 1915(e) and (2) whether Greene's complaint states a plausible claim for relief.  Each is discussed below.

1. <u>Greene May Proceed *In Forma Pauperis*</u>

    Greene's application to proceed *in forma pauperis* is granted.  28 U.S.C. § 1915(a)(1) permits a plaintiff to bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff's "is unable to pay such fees or give security therefor."  Pursuant to section 1915(a)(1), Greene submitted a financial affidavit. (Doc. #1).  According to the affidavit, Greene receives $889.40 in government benefits, pays $224.00 per month in rent, and supports a female friend.  Greene's application to proceed *in forma pauperis* is, therefore, granted.

## II. Legal Standard

Because the court grants Greene's application to proceed *in forma pauperis*, it must review Greene's complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim. *See* 28 U.S.C. § 1915(e).

The court must have personal jurisdiction over each defendant in an action. See FED. R. CIV. P. 12(b)(2). "Federal court ordinarily follow state law in determining the bounds of their jurisdiction over persons." *Damiler AG v. Bauman*, 134 S.Ct. 746, 753 (2014). Nevada's long-arm statute permits personal jurisdiction over a nonresident defendant unless the exercise of jurisdiction would violate due process. NEV. REV. STAT. § 14.065(1).

"Due process requires that the defendant 'have certain minimum contacts' with the forum state 'such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice." *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015) (quoting *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945)). "Depending on the strength of those contacts, there are two forms that personal jurisdiction may take: general and specific." *Id.*

Federal courts "employ a three-part test to assess whether a defendant has sufficient contacts with the forum state to be subject to specific personal jurisdiction: (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable." *Id.*

"For claims sounding in tort, [the Ninth Circuit applies] a 'purposeful direction' test and look[s] to evidence that the defendant has directed his actions at the forum state, even if those actions took place elsewhere." *Id.* at 1212.

Here, the court does not have personal jurisdiction over the Housing Authority of the City of Los Angeles.[1] Greene's action arises from the Los Angeles Housing Authority's alleged negligence regarding Greene's government-subsidized apartment in Los Angeles. Greene fails to allege that the Los Angeles Housing Authority "purposefully directed' any of its actions towards the state of Nevada during the Housing Authority's interactions with him. The court thus lacks personal jurisdiction over the Los Angeles Housing Authority. Greene's complaint should be dismissed with leave to amend.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Greene's application to proceed *in forma pauperis* (Doc. #1) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of the Court filed the complaint. (Doc. #1-2).

IT IS FURTHER ORDERED that Plaintiff is permitted to maintain the action to its conclusion without the necessity of prepayment of any additional fees, costs, or security. This order granting *in forma pauperis* status does not extend to the issuance of subpoenas at government expense.

IT IS RECOMMENDED that Plaintiff's complaint (Doc. #1-2) be DISMISSED with leave to amend.

IT IS FURTHER RECOMMENDED that if the court adopts this Report & Recommendation, a DATE be set for the filing of the Amended Complaint to avoid dismissal with prejudice.

/// /// ///

/// /// ///

---

[1] Greene also names the U.S. Government as a defendant, but fails to allege that it committed any wrongdoing. (Doc. #1-2).

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to Local Special Rule 2-2, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party or the party's attorney. **Failure to comply with this Rule may result in dismissal of the action.** *See* LSR 2-2.F

IT IS SO ORDERED and RECOMMENDED.

DATED this 15th day of March, 2016.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE